# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56071-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| C.L., | |
| Appellant. | |

MAXA, J. – CL appeals his adjudication of guilt in juvenile court of second degree criminal trespass. CL's adjudication arose from an incident in which he was skateboarding on Port of Kalama property after previously having received a formal trespass notice prohibiting his presence on Port property.

CL argues that the State failed to present sufficient evidence showing that he knowingly and unlawfully entered and remained on Port property. In addition, CL argues that a community supervision condition prohibiting him from entering all Port property is vague and unreasonable and must be stricken. We hold that (1) the trial court's findings of fact support the court's legal conclusion that CL knowingly and unlawfully entered and remained on Port property, and (2) the issue regarding CL's challenge to the community supervision condition is moot because his community supervision period has ended. Accordingly, we affirm CL's adjudication.

FACTS

*Background*

On November 12, 2020, Kalama police officer Tyler Kaplan received a complaint from Port employee Eric Yakovich that CL was skateboarding on Port property. There were several signs in the area prohibiting skateboarding. Yakovich explained that Port employees previously had contacted CL and asked him to stop skateboarding, and CL had responded with profanity and disregard. CL was 13 years old at the time.

Kaplan contacted CL on the sidewalk in front of the Port's administration building. Kaplan issued CL a no trespassing notice, informing CL that he was trespassed from all Port property for life. CL, Kaplan, and Yakovich each signed the notice. Kaplan answered CL's questions about the notice and told CL that he would be committing the crime of trespassing if he was found on Port property again.

On January 14, 2021, Yakovich again saw CL skateboarding in the marina area adjacent to the Port office, which was Port property. Another Port employee, Daryn Sampson, also saw CL skateboarding in the parking lot by the Port office and on the sidewalks by the marina. Yakovich called the police, and Kalama police officer Jeff Skeie investigated. Skeie contacted CL on Port property and told him that he was trespassing.

The State charged CL with second degree criminal trespass in juvenile court.

*Trial and Sentencing*

The parties testified to the facts above at the adjudication hearing. CL testified that he only knew that the marina was Port property and nothing else.

The trial court found CL guilty of second degree criminal trespass. The court entered the following findings of fact:

3. On November 12, 2020, Kalama Police officer Tyler Kaplan had served a trespass notice on [CL] stating that he was trespassed from all Port of Kalama property "forever." [CL] had signed that he acknowledged the notice of trespass and Officer Kaplan answered any questions that [CL] had.

4. The marina adjacent to the administrative building was part of Port of Kalama property. [CL] testified that he believed the marina to be port property.

5. On January 14th, Port of Kalama employees Eric Yakovich and Darin [sic] Sampson observed [CL] on port property. [CL] was skateboarding in the marina area and was seen on the sidewalks around the administration building.

Clerk's Papers (CP) at 36-37. The court concluded that CL "knowingly and unlawfully entered and remained on Port of Kalama property" on January 14, 2021. CP at 37.

In August 2021, the trial court sentenced CL to six months of community supervision and 24 hours of community service. As a condition of community supervision, the court prohibited CL from being on all Port property.

CL appeals his adjudication and the imposition of the community custody supervision condition.[1]

## ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

C.L. argues that the evidence was insufficient to support the trial court's conclusion that he knowingly entered and remained unlawfully on Port property on January 14, 2021. We disagree.

The test for determining sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence

---

[1] CL does not contest the Port's explanation that its large waterfront park that is open to the public was private property. Nor does CL contend that the underlying trespass order banning him from the park "for life" violated procedural due process.

in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). For a bench trial, "appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Unchallenged findings of fact are verities on appeal. *Id.* at 106.

A person is guilty of criminal trespass in the second degree if the person knowingly enters or remains unlawfully in or upon premises of another. RCW 9A.52.080. The court concluded that CL had unlawfully entered and remained on Port property. Because CL does not challenge the court's findings of fact, the only issue is whether those findings support this conclusion. *See Homan*, 181 Wn.2d at 105-06.

CL contends that he did not have adequate notice of where in the City of Kalama the initial trespass notice prohibited him from entering and remaining. He emphasizes that he was not instructed which areas belonged to the Port and which areas belonged to the City. CL also argues that the immaturity of his juvenile brain made it difficult for him to determine which areas were Port property.

However, the trial court specifically found that Port employees observed CL skateboarding in the marina area and on the sidewalks in front of the Port's administration building. And the court found that CL testified that he believed that the marina was Port property. A noted above, these findings were unchallenged and are verities on appeal. *Homan*, 181 Wn.2d at 106. Therefore, the court's findings of fact support its conclusion that CL had unlawfully entered and remained on Port property.

B.   COMMUNITY SUPERVISION CONDITION

CL asserts that the community supervision condition prohibiting him from being on Port property is unreasonable and vague.  The State argues that this challenge is moot because CL's community supervision period has ended.  We agree with the State.

A case is moot when a court can no longer provide effective relief.  *State v. McClinton*, 10 Wn. App. 2d 236, 241, 448 P.3d 101, 103 (2019).  Because the trial court sentenced CL to six months of community supervision in August 2021, CL now has completed the community supervision period.  This means that the community custody condition has expired.  Therefore, we no longer can provide any meaningful relief and this issue is moot.

## CONCLUSION

We affirm CL's adjudication of guilt of second degree trespass.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

GLASGOW, C.J.